IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELA LUSSO ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.** |
| ) | |
| KGP TELECOMMUNICATIONS, LLC ) | |
| ) | |
| *Serve Registered Agent:* ) | |
| Corporation Service Company ) | |
| 2900 SW Wanamaker Dr. Ste. 204 ) | |
| Topeka, KS 66614 ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

Plaintiff Angela Lusso, by counsel, states the following as her Complaint against Defendant KGP Telecommunications, LLC.

*Introduction*

1. This is an action brought pursuant to the Americans with Disabilities Act ("ADA"), as amended, seeking declaratory, injunctive, equitable and monetary relief as remedies for Defendant's unlawful discriminatory employment practices. As pled below, Defendant unlawfully discriminated against Plaintiff because of her disability and retaliated against Plaintiff for attempting to address the issue, ultimately leading to Plaintiff's termination.

*Parties, Jurisdiction and Venue*

2. Plaintiff Angela Lusso is a female and a citizen of the United States of America. She is a resident of the State of Kansas. At all times relevant to this Petition, Plaintiff was employed by Defendant KGP Telecommunications, LLC and worked at Defendant's facility located at 206 West Chippewa Street, Paola, KS 66071.

3. Defendant KGP Telecommunications, LLC ("Defendant" or "KGP") is a Minnesota company that regularly conducts business in the state of Kansas.

4. The Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in the District of Kansas, pursuant to 28 U.S.C. § 1391(b), because Defendant resides or does business in this judicial district within the State of Kansas and the claims arose in this judicial district.

*Administrative Procedures*

6. On March 10, 2020, Plaintiff timely filed with the United States Equal Employment Opportunity Commission (EEOC) a charge alleging discrimination on the basis of disability and retaliation. The Charge of Discrimination [Charge No. 563-2020-01429] is attached as Exhibit A and is hereby incorporated as if fully set forth herein.

7. On September 23, 2020, the EEOC issued a notice of Right to Sue stating that Plaintiff is entitled to file a civil action on the claims asserted in her Charge of Discrimination under the ADA. The Right to Sue letter is attached as Exhibit B and is hereby incorporated as if fully set forth herein.

*Factual Background*

8. Plaintiff was hired by Defendant and initially worked on a temporary basis for one year and then on a full-time basis for four years as a Customer Care Representative.

9. Based on her disability, Plaintiff was the subject of discrimination, harassment and retaliation during her employment with KGP.

10. Plaintiff was diagnosed with post-traumatic stress disorder (PTSD) in early January of 2020.

2

11. Plaintiff's condition limits one or more of her major life activities including, without limitation, the ability to communicate and think clearly and effectively in a confined group setting.

12. On January 9, 2020, Plaintiff's doctor sent a letter to Defendant recommending that Plaintiff be allowed to work from home.

13. Plaintiff's work tasks and responsibilities did not require or involve full time interaction with other employees and could be performed from home.

14. On January 10, 2020, Defendant acknowledged Plaintiff's disability but denied her request to work from home.

15. On January 29, 2020, Plaintiff again raised her concerns to Defendant and again requested to work from home.

16. Defendant maintained its denial of Plaintiff's request and failed to provide a reason for doing so.

17. Defendant had previously allowed other similarly situated employees to work from home upon based upon a recommendation from a doctor, and in one case when an employee moved to Colorado and had no disability.

18. On January 30, 2020, Plaintiff felt that she could not continue to work onsite due to her disability and was forced to put in her two-week notice to protect her mental health.

19. On January 30, 2020, Defendant terminated Plaintiff's employment and had her escorted from the building.

20. Plaintiff's disability was a motivating factor in Defendant's termination of Plaintiff's employment and subsequent retaliatory actions including, without limitation, unnecessarily escorting Plaintiff out of the building in front of her co-workers.

## COUNT I – DISABILITY DISCRIMIANTION UNDER THE ADA

21.     The preceding paragraphs of this Petition are incorporated by reference as if fully pleaded herein.

22.     Defendant is an "employer" within the meaning of the ADA.

23.     At all relevant times, Plaintiff has had – and has – a "disability" as that term is defined under the ADA, and/or Defendant regarded Plaintiff as having a disability and/or Plaintiff had a record of a disability.

24.     Plaintiff was – and is – able to perform the essential functions of her job with or without reasonable accommodation. Plaintiff's disability does not interfere with her ability to do her job if reasonably accommodated as needed.

25.     Plaintiff's disability was a motivating factor in defendant's discriminatory actions or omissions as described herein, including denying Plaintiff's reasonable accommodation request to work remotely.

26.     Plaintiff was treated differently on the basis of her disability in that she was subjected to unwelcome harassment creating an intimidating, hostile and offensive work environment. The conduct of her supervisors had the purpose or effect of unreasonably interfering with Plaintiff's work performance.

27.     Defendant's discriminatory treatment of Plaintiff, as described herein, affected the terms, conditions, or privileges of Plaintiff's employment and constituted disability discrimination in violation of the ADA.

28.     Defendant, through its agents, servants, management, and employees, intentionally engaged in the unlawful employment discrimination described herein against Plaintiff in violation of the ADA.

29. Defendant failed to make a good faith effort to enforce policies to prevent illegal discrimination against its employees, including Plaintiff.

30. Defendant failed to properly train its agents, servants, management and employees so as to prevent illegal discrimination against its employees, including Plaintiff.

31. Defendant knew or should have known of the discrimination and failed to take appropriate action.

32. As a direct and proximate result of Defendant's unlawful actions described herein, Plaintiff has sustained damage and suffered pecuniary and non-pecuniary losses that include, but are not limited to: past and future wages and benefits, physical pain and suffering, emotional distress, mental suffering, mental anguish, a detrimental employment record, anxiety, humiliation, and inconvenience. Plaintiff is entitled to an award of monetary damages and equitable relief.

33. Plaintiff is entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as all other appropriate equitable relief.

**COUNT II – FAILURE TO ACCOMMODATE DISABILITY UNDER THE ADA**

34. Unless pled alternatively in support of this Count of the Petition, Plaintiff repeats each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

35. Plaintiff was – and is – able to perform the essential functions of her job with or without reasonable accommodation. Plaintiff's disability does not interfere with her ability to do her job if reasonably accommodated as needed.

36. As described herein, Defendant failed to provide reasonable accommodations to Plaintiff which would have allowed her to perform the essential functions of her job. Specifically, Defendant denied Plaintiff's request to work remotely.

37. Defendant violated the ADA and intentionally engaged in unlawful disability discrimination against Plaintiff when it failed to accommodate Plaintiff's disability as alleged herein.

38. Plaintiff's disability was a motivating factor in Defendant's failure to accommodate her disability.

39. Defendant failed to make a good faith effort to enforce policies to prevent illegal discrimination against its employees, including Plaintiff.

40. Defendant failed to properly train its agents, servants, management, and employees so as to prevent illegal discrimination against its employees, including Plaintiff.

41. Defendant knew or should have known of the discrimination and failed to take appropriate action.

42. As a direct and proximate result of Defendant's unlawful actions, Plaintiff sustained damage and has suffered pecuniary and non-pecuniary losses that include, but are not limited to: past and future wages and benefits, physical pain and suffering, emotional distress, mental suffering, mental anguish, a detrimental employment record, anxiety, humiliation, and inconvenience. Plaintiff is entitled to an award of monetary damages and equitable relief.

43. In undertaking the referenced unlawful actions, Defendant acted with evil motive or reckless indifference to Plaintiff's statutorily protected rights. Plaintiff is also entitled to an award of punitive or exemplary damages.

44. Plaintiff is entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as all other appropriate equitable relief.

## **COUNT III – RETALIATION UNDER THE ADA**

45. Unless pled alternatively in support of this Count of the Petition, Plaintiff repeats each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

46. The ADA prohibits retaliation in any manner.

47. Plaintiff engaged in protected activities by requesting reasonable accommodations of her disability.

48. Plaintiff's protected activities as described herein were a motivating factor in Defendant's retaliatory actions as described herein, including but not limited to:

   a. Denying Plaintiff's multiple requests for reasonable accommodation to work remotely;

   b. Terminating Plaintiff's employment; and

   c. Escorting Plaintiff out of the building.

49. Plaintiff was retaliated against in that she was subjected to unwelcome harassment creating an intimidating, hostile and offensive work environment culminating in KGP's termination of Plaintiff's employment. The conduct of her supervisors had the purpose of effect of unreasonably interfering with Plaintiff's work performance.

50. Defendant's retaliatory treatment of Plaintiff, as described herein, affected terms, conditions and/or privileges of Plaintiff's employment and constituted prohibited retaliation in violation of the ADA and ultimately led to Plaintiff's termination.

51. Defendant, through its agents, servants, management, and employees intentionally engaged in the unlawful retaliation described herein against Plaintiff in violation of the ADA.

52. Defendant failed to make a good faith effort to enforce policies to prevent illegal discrimination against its employees, including Plaintiff.

53.	Defendant failed to properly train its agents, servants, management, and employees so as to prevent illegal discrimination against its employees, including Plaintiff.

54.	Defendant knew or should have known of the retaliation and failed to take appropriate action.

55.	As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has been damaged and suffered pecuniary and non-pecuniary losses that include, but are not limited to: past and future wages and benefits, physical pain and suffering, emotional distress, mental suffering, mental anguish, a detrimental employment record, anxiety, humiliation, and inconvenience. Plaintiff is entitled to an award of monetary damages and equitable relief.

56.	In undertaking the referenced unlawful retaliation. Defendant acted with evil motive or in reckless indifference to Plaintiff's statutorily protected rights. Plaintiff is also entitled to an award of punitive or exemplary damages.

57.	Plaintiff is entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as all other appropriate equitable relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Angela Lusso respectfully prays that this Court:

1. Assume jurisdiction over this action;
2. Award nominal and actual damages;
3. Order Defendant to make Plaintiff whole by providing her with all lost wages, earnings, and payment of all benefits she would have received had it not been for Defendant's unlawful actions, with pre-judgment interest, in an amount to be proved at trial;

4. Award compensatory damages for Plaintiff's non-pecuniary losses, including but not limited to emotional pain, suffering, shame, humiliation, inconvenience, mental anguish, and injury to her career in an amount to be proven at trial;

5. Award prejudgment interest;

6. Award Plaintiff her reasonable attorneys' fees, expert witness fees, if any, and the costs of this action provided by 42 U.S. Code § 12205;

7. Award Plaintiff punitive or exemplary damages in an amount sufficient to compensate the harm inflicted, punish Defendant, and deter future unlawful conduct;

8. Declare that Defendant has violated Plaintiff's rights under the American's with Disabilities Act; and

9. Grant such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Angela Lusso demands a trial by jury.

Respectfully Submitted,

**LAW OFFICES OF DOUGLAS L. CARTER, P.C.**

By: /s/ Jonathan K. McCoy
Douglas L. Carter    KS #19023
Jonathan K. McCoy  KS #18538
2345 Grand Blvd., Suite 1675
Kansas City, Missouri 64108
Tel:  (816) 283-3500
Fax: (816) 283-3084
E-mail: doug@carter.law
            jon@carter.law

***COUNSEL FOR PLAINTIFF***